# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| Joseph and Kim Walden, as parents and next friend of their minor daughter, D.W.; | ) ) ) ) |
| Matthew Mealer, as parent and next friend of his minor daughter, E.M.; | ) ) ) |
| Matthew Mealer, as parent and next friend of his minor daughter, E.M., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Fannin County School District, a/k/a Fannin County School System, a/k/a Fannin County Schools; and Does 1 through 50, | ) ) ) ) ) |
| Defendants. | ) |

Case No. __2:17-cv-00269-RWS__

## **COMPLAINT**

The above-captioned Plaintiffs, Joseph and Kim Walden, as parents and next friend of their minor daughter, D.W., Matthew Mealer,  as parent and next friend of his minor daughter, E.M., and Matthew Mealer,  as parent and next friend of his

1

minor daughter, E.M., ("Plaintiffs"), respectfully file this Complaint against Defendants, Fannin County School District, a/k/a Fannin County School System, a/k/a/ Fannin County Schools; and Does 1 through 50, ("Defendants"), and allege as follows:

## STATEMENT OF THE CASE

1. This action is posed for declaratory and injunctive relief.  Defendants have violated (1) Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq*. ("Title IX") and the regulations adopted thereto, and (2) the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983, by illegally and intentionally denying Plaintiffs' daughters the equal treatment and benefits that must necessarily accompany an equal opportunity to participate in athletics.

2. Defendants' denial of equal treatment and benefits constitutes intentional discrimination against the Plaintiffs' daughters based solely on their gender. Specifically, Defendants have discriminated against Plaintiffs' daughters in the following areas: (1) funding of athletics; (2) provision of equipment and supplies; (3) scheduling of games and practice; (4) travel and/or per diem; (5) assignment and/or

compensation of coaches; (6) provision of locker rooms and facilities for both practice and competition; and (7) provision of medical and training facilities and services.

3.  This action seeks to redress the deprivation of the Plaintiffs' daughters' rights to receive the equal treatment and benefits which must necessarily accompany an equal opportunity to participate in interscholastic and other school-sponsored athletics.  This action seeks a declaratory judgment that Defendants have violated the Plaintiffs' daughters' rights under federal law.  This action further seeks an injunction requiring Defendants to immediately cease their discriminatory practices and to remedy the effects of their discriminatory practices and to remedy the effects of their discriminatory conduct.

4.  Plaintiffs seek injunctive relief which, among other things, requires that Defendants provide Plaintiffs' daughters with treatment and benefits equivalent to that provided to the boys' athletic teams at Fannin County Schools.

## JURISDICTION AND VENUE

5.  The Plaintiffs' first claim arises under 20 U.S.C. §1681, *et seq*. and its interpreting regulations.  Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

6.  The Plaintiffs' second claim arises under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

7.  Jurisdiction for declaratory and other relief is invoked pursuant to 28 U.S.C. §§ 2201(a) and 2202.

8.  Venue is proper pursuant to 28 U.S.C. § 1391(b).  These claims arose in Fannin County, Georgia, which is within the jurisdiction of this Court.

## THE PARTIES

9.  Plaintiffs Joseph and Kim Walden are the parents of D.W., an 12-year-old 6th grade student at Fannin County Middle School.  D.W. is a talented athlete who participates in softball at Fannin County Middle School.  She has endured the unequal treatment and benefits directed by Fannin County School District toward its female athletes.  Joseph and Kim Walden and D.W. are residents of McCaysville, Georgia, which is within the jurisdiction of this Court.

10. Plaintiff Matthew Mealer is the parent of E.M., a 13-year-old 8th grade student at Fannin County Middle School.  E.M. is a talented athlete who participates in softball, basketball, and golf at Fannin County Middle School.  She has endured the

unequal treatment and benefits directed by Fannin County School District toward its female athletes.  Matthew Mealer and E.M. are residents of McCaysville, Georgia, which is within the jurisdiction of this Court.

11.    Plaintiff Matthew Mealer is the parent of E.M., a 16-year-old 10th grade student at Fannin County High School.  E.M. is a talented athlete who participates in softball, basketball, and track at Fannin County High School.  She has endured the unequal treatment and benefits directed by Fannin County School District toward its female athletes.  Matthew Mealer and E.M. are residents of McCaysville, Georgia, which is within the jurisdiction of this Court.

12. Defendant Fannin County School District is a public school district authorized by Georgia law to operate and control Fannin County High School and Fannin County Middle School, where the Plaintiffs' daughters play softball, basketball, track and golf.  Therefore, Defendants' conduct is considered state action under 42 U.S.C. §1983.  Fannin County School District is located in Fannin County, Georgia, and a substantial part of the events or omissions giving rise to this lawsuit occurred in Fannin County, which is within the jurisdiction of this Court.  Since the passage of Title IX, Fannin County School District has received and continues to receive federal financial assistance and the benefits therefrom.  Therefore, all

programs at Fannin County School District, including athletics, are subject to the requirements of Title IX.

13.   The named Plaintiffs are ignorant of the true names and capacities of Does 1-50, but believe them to be employees of Fannin County School District or members of the Fannin County School District Board of Education.  Plaintiffs will seek to amend this Complaint to set forth their true names and capacities when they are ascertained.  Plaintiffs are informed and believe, and on that basis allege, that each of these fictitiously named defendants is responsible in some manner for the discriminatory actions alleged herein and that each is a resident of the State of Georgia and thus is subject to the jurisdiction of this Court.

### GENERAL ALLEGATIONS
### THE REQUIREMENTS OF TITLE IX

14.   Title IX, enacted in 1972, provides in relevant part:

No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a).  The Civil Rights Restoration Act of 1987 made Congress' intent plain that "program or activity", as used in Title IX, applies to any program or activity so long as any part of the public institution receives federal financial

assistance.  20 U.S.C. § 1687.  Thus, Fannin County School District is subject to Title

IX even if none of the funding for either its girls' or boys' athletic programs comes

specifically from federal sources.

15.  In 1975, the Department of Health, Education and Welfare (the predecessor

of the United States Department of Education ("DOE")) adopted regulations

interpreting Title IX.  These regulations are codified at 34 C.F.R. Part 106.  (the

"Regulations").

16.  With regard to athletic programs, § 106.41(a) of 34 C.F.R. provides that

interscholastic athletics are included within the "program or activity" requirements

of Title IX:

> No person shall, on the basis of sex, be excluded from participation in,
>
> be denied the benefits of, be treated differently from another person or
>
> otherwise be discriminated against in any interscholastic, intercollegiate,
>
> club or intramural athletics offered by a recipient ...

17.  34 C.F.R. § 106.41 (c) specifies ten (10) factors that are to be considered in

the determination of equal athletic opportunity:

1.    Whether the selection of sports and levels of competition effectively

        accommodate the interest and abilities of members of both sexes;

2.      The provision of equipment and supplies;

3.      Scheduling of games and practice time;

4.      Travel and per diem allowance;

5.      Opportunity to receive coaching and academic tutoring;

6.      Assignment and compensation of coaches and tutors;

7.      Provision of locker rooms, practice and competitive facilities;

8.      Provision of medical and training facilities and services;

9.      Provision of housing and dining facilities and services; and

10.     Publicity.

Another factor to be considered is a school's "failure to provide necessary funds for teams for one sex." *Id.*

18.   In 1979, the office of Civil Rights of the Department of Education ("OCR") issued a policy interpretation of Title IX and the Regulations.    This policy interpretation is found at 44 Fed. Reg. 71413 (1979) (the "Policy Interpretation").

19.   The Policy Interpretation provides that, in order to comply with Title IX and 34 C.F.R. § 106.41(c), schools must provide equal athletic opportunities in three general areas:   (1) awarding of scholarships (aimed primarily at problems at the intercollegiate level); (2) participation opportunities (including both the number of

8

opportunities and whether the selection of sports and the level of competition effectively accommodate the interests and abilities of members of both sexes); and (3) treatment and benefits.  44 Fed. Reg. at 71414.

20.   Under both the Regulations and the Policy Interpretation, compliance in the area of equal treatment and benefits is assessed based on an overall comparison of the male and female athletic programs, including an analysis of factors (2) through (10) of 34 C.F.R. § 106.41 (c) listed above and an analysis of whether the necessary funds are provided for teams of both sexes.

21.   The Regulations require that sponsors of interscholastic and other school-sponsored athletics (such as Fannin County School District) take such remedial actions as are necessary to overcome the effects of gender discrimination in violation of Title IX.  *See* 34 C.F.R. § 106.3(c).  On information and belief, any remedial actions which Defendants have taken in the past have been insufficient to satisfy Defendants' obligations under Title IX.

22.   The Regulations further require that sponsors of interscholastic and other school-sponsored athletics comply with the Regulations within three years of their effective date (which was July 21, 1975).  Now, more than forty-two (42) years later, Defendants have still not fully complied with Title IX.

9

## THE U.S. CONSTITUTION

23.   The Fourteenth Amendment to the United States Constitution requires that a state shall not "deny to any person within its jurisdiction the equal protection of the laws."

24.   Under 42 U.S.C. § 1983, Defendants may be held liable for their actions in violating Plaintiffs' daughters' rights under the Fourteenth Amendment.

## INJUNCTIVE RELIEF

25.   Plaintiffs are entitled to injunctive relief to end Defendants' unequal, discriminatory, and unlawful treatment of female student athletes.   Because of Defendants' acts and omissions, Plaintiffs' daughters continue to be deprived of the rights guaranteed to them by the United States Constitution and the laws of the United States.   Failure to grant the injunctive relief requested will result in irreparable harm to Plaintiffs' daughters in that Plaintiffs' daughters' rights will be violated and that Plaintiffs' daughters will never be able to participate in interscholastic and/or other school-sponsored athletics on an equal basis with their male classmates. Accordingly, Plaintiffs do not have an adequate remedy at law for this harm.   This threatened harm far outweighs any possible harm that granting injunctive relief might cause Defendants.   Finally, the injunctive relief sought would in no way disserve the

public interest but, on the contrary, would prevent discrimination based on gender and would promote the goal of full equality before the law.

## ATTORNEYS' FEES

26.   Plaintiffs have been required to retain the undersigned attorneys to prosecute this action.  Plaintiffs are entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## FIRST CLAIM FOR RELIEF: TITLE IX
### (Unequal Treatment and Benefits)
### (Against Fannin County School District, a/k/a Fannin County  School System, a/k/a/ Fannin County Schools only)

27.   Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 26 inclusive of this Complaint.

28.   Fannin County School District, by its conduct, has intentionally violated Title IX by knowingly and deliberately discriminating against female students, including the Plaintiffs' daughters, by failing to provide them with treatment and benefits which are comparable overall to the treatment and benefits provided to male athletes.

29.  On information and belief, Plaintiffs allege that Fannin County School District has failed to comply with Title IX by failing to provide their daughters with comparable treatment and benefits including, but not limited to, the following areas:

(1)     Fannin County School District funds athletics in a manner that discriminates against Plaintiffs' daughters and other female athletes. For example, Fannin County School District routinely allows the infusion of more funds for boys' sports as compared to girls' sports. This includes more money for the baseball program as compared to the softball program.

(2)     Fannin County School District provides male athletes with equipment and supplies in a manner that discriminates against female athletes. For example, the baseball program is provided with a superior pitching machine as compared to the softball program. In addition the baseball program is provided a mobile batting practice cage. The softball program is not provided a mobile batting cage. The baseball and football programs are provided better and more safety equipment than the softball program. The baseball and football programs are also

provided superior uniforms as compared to the softball program, both as to quality and quantity.

(3)     Fannin County School District discriminates against Plaintiffs' daughters and other female athletes in the scheduling of games and practice times.  For example, the baseball program and football program have exclusive use of their own competition fields and do not have to share them with non-school programs.  The softball program must share its competition field with Parks and Recreation teams for practice and games.  In addition, the Middle School football team, the High School football team, and the High School baseball teams have designated practice fields on campus.   The High School softball team has no designated practice field on campus.  The Middle School baseball team also has more options for adequate facilities for competition as compared to the Middle School softball team.

(4)     Fannin County School District discriminates against Plaintiffs' daughters and other female athletes in the provision of travel and/or per diem.  For example, football players are routinely provided pre-game

meals.  The softball players are not provided pre-game meals, and on information and belief no female athletes are provided pre-game meals.

(5)  Fannin County School District discriminates against Plaintiffs' daughters and other female athletes in the assignment and/or compensation of coaches.  For example, the coaches of the Middle School softball team have less experience in softball as compared to the experience in baseball of the coaches of the Middle School baseball team.

(6)  Fannin County School District supplies superior locker rooms, practice facilities and competition facilities to boys as compared to girls.  For example, the Middle School and High School football programs are provided locker rooms.  The High School football locker room has coaches offices, lockers, showers, restrooms, meeting rooms, and storage.  The High School baseball program is also provided a locker room which has finished pine walls, a drop ceiling, florescent lighting, custom built wood lockers, a flat screen television and air conditioning. Neither the Middle School nor High School softball teams are provided any locker room.  The dugouts provided at the competition field for the

14

baseball program are larger than the dugouts provided at the softball field. The dugouts provided at the baseball competition facility have more storage than the dugouts at the softball field. The dugouts at the baseball competition facility have electricity. The dugouts at the softball field do not have electricity. The press box at the baseball competition facility is larger than the press box at the softball field. The press box at the baseball competition facility has air conditioning. The press box at the softball field has no air conditioning. The press box at the baseball competition facility is two-story. The press box at the softball field is one-story. The press box at the baseball competition facility has glass windows overlooking the field of play. The press box at the softball field has an inferior overhead door that must be rolled up to see the field of play. The football competition facility also has a superior press box as compared to the press box at the softball field. The baseball competition facility has a concession stand for use of the baseball program. The football competition facility also has concession stands for use of the football program. The softball field has no concession stand for use of the softball program. The baseball

competition facility has superior concrete bleachers as compared to inferior bleachers at the softball field. The bleachers at the football competition facility are also superior to those at the softball field. The baseball competition  facility has concrete surfaces in the bleacher/spectator areas. The softball field has dirt and grass surfaces in the bleacher/spectator areas. The football competition facility also has concrete surfaces in the bleacher/spectator areas. The baseball competition facility has security lights in the press box/locker room/concession/spectator areas. The football competition facility also has security lights in the press box/locker room/concession/spectator areas. The softball field has no security lights in the press box/spectator areas. The baseball competition facility has superior field lighting as compared to the softball field lighting. The football competition facility also has superior field lighting as compared to the softball field lighting. The baseball competition facility has better signage/logos identifying the facility with the school, as compared to the softball field. The football competition facility also has better signage/logos identifying the facility with the school, as compared to the softball field. The baseball

16

competition facility has a superior, three-lane hitting cage as compared to the inferior two-lane hitting cage at the softball field. The baseball program has exclusive use of the hitting cage at the baseball competition facility. The softball program must share use of the hitting cage at the softball field with non-school teams. The baseball competition facility has an infield tarp. The softball field has no infield tarp. The baseball competition facility has distance signs on the outfield fence. The softball field does not have distance signs on the outfield fence. The baseball competition facility has covers for the pitching and home plate areas. The softball field does not have covers for the pitching or home plate areas.

(7)  Fannin County School District discriminates against Plaintiffs' daughters and other female athletes as compared to male athletes in the provision of medical and training facilities. For example, Fannin County School District consistently provides superior access to medical training, weight training facilities and appropriate weight training equipment to its male athletes as compared to female athletes, including the Plaintiffs' daughters.

17

30.   The imbalance in the treatment of female and male athletes at Fannin County School District, as detailed above, demonstrates Fannin County School District's intentional and conscious failure to comply with Title IX.

31.   Fannin County School District's conduct has persisted despite the mandates of the Regulations, particularly 34 C.F.R. §§ 106.3(c) and 106.41(d), and the Policy Interpretation.

32.   Fannin County School District's conduct violates 20 U.S.C. § 1681 *et seq.*, as interpreted by 34 C.F.R. §§ 106.31 and 106.41 and the Policy Interpretation thereof.

## SECOND CLAIM FOR RELIEF:  EQUAL PROTECTION
### (Against all Defendants)

33.   Plaintiffs reallege and incorporate herein by this reference paragraphs 1 through 32 inclusive of this Complaint.

34.   Defendants, by their failure to provide Plaintiffs' daughters with equivalent treatment and benefits as the male athletes (as detailed above), have purposefully and illegally discriminated against Plaintiffs' daughters and other female students on the basis of gender, and have intentionally and illegally deprived them of their rights to

equal protection secured by the Fourteenth Amendment to the United States Constitution.

35.   Defendants have illegally failed and refused to remedy the unequal treatment and benefits received by Plaintiffs' daughters and other female athletes as compared to male athletes at Fannin County School District.  Therefore, Defendants' actions constitute a knowing and illegal disregard for Plaintiffs' daughters' constitutional rights.

36.   Section 1983 of Title 42 of the United States Code provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

37.   When Defendants engaged in the improper actions described above, they were acting under color of law for purposes of the Equal Protection Clause of the United States Constitution and 42 U.S.C. § 1983.  Under this section, the Defendants

are liable for their violations of the Plaintiffs' daughters' constitutional rights under the Fourteenth Amendment.

## RELIEF REQUESTED

WHEREFORE, on each of their claims, Plaintiffs respectfully pray that this Court:

A.  Enter an order declaring that Defendants have engaged in a past and continuing pattern and practice of discrimination against female students, including Plaintiffs' daughters, on the basis of gender in violation of Title IX and the regulations promulgated thereunder (including unequal treatment and benefits), and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

B.  Issue a permanent injunction (a) restraining Defendants and their officers, agents, employees, successors and any other persons acting in concert with them, from continuing to maintain practices and policies of discrimination against Plaintiffs' daughters on the basis of gender, and (b) requiring Defendants, immediately upon issuance of the injunctive order, to adopt and implement a budget and plan which corrects and remediates Defendants' violation of Title IX and the Fourteenth Amendment.  Such a plan should include, among other things, providing

Plaintiffs' daughters and other female athletes with treatment and benefits comparable to those provided to male athletes.

C.  Grant an expedited hearing and ruling on the permanent injunction request in paragraph B above.

D.  Award Plaintiffs their reasonable attorneys' fees and costs pursuant to U.S.C. § 1988.

E.  Order such other and further relief as the Court deems appropriate.

F.  Designate that the trial take place before the U. S. District Court in Gainesville, Georgia.

Dated: December 1, 2017

Respectfully submitted,

**s/ Samuel J. Schiller**
Tennessee Attorney Registration #021810
Oklahoma Bar Association #016067
Schiller Law Firm
Suite 200, 4113 Cumby Road
Cookeville, TN 38501
Telephone: (931) 528-5050
Email: sjs@schillerlawfirm.com

**s/Thomas J. Hough, Jr.**
Georgia Bar Number: 368700
Law Office of Thomas J. Hough, Jr., P.C.
749 West Avenue
Cartersville, GA 30120
Telephone: (770) 607-5300
Fax: (770) 607-8488
Email: info@houghlaw.net

*Attorneys for Plaintiffs Joseph and Kim Walden and
Matthew Mealer*